Plaintiff's Name  RUBEN FIGUEROA #T55711

B2-104: CENTINELA STATE PRISON

POST-OFFICE BOX 911

IMPERIAL, CALIFORNIA 92251

PRO'SE LITIGENT

U.S. District Court
Southern District of California
Scanned and Emailed

JUL 1 4 2022

Pages: 29
Time: _____
Initials: JC

FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN FIGUEROA

(Name of Plaintiff)

JUL 25 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

VS.

Ken Clark, et al., PAUL SILVA, JOE(LAST
name unknown), PEDRO (LAST name un-
Known, John Doe, DR John DOE, Susan
Doherty, LinDA Ortega, AND
ADRIAN JAQUES, And unknown
P.I.A. DAIRY MILK Processing plant entity

(Names of all Defendants)

1:22CV00916 BAM(PC)

(Case Number)

**CIVIL RIGHTS COMPLAINT UNDER:**

[X] 42 U.S.C. 1983 (State Prisoner)

[ ] **Bivens** Action [403 U.S. 388 (1971)] (Federal Prisoner)

RECEIVED

JUL 25 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

**I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):**

    A. Have you brought any other lawsuits while a prisoner?  Yes X  No____

    B. If your answer to A is yes, how many?  Two

        Describe previous or pending lawsuits in the space below.  (If more than one, attach additional page to continue outlining all lawsuits in same format.)

        1. Parties to this previous lawsuit:

            Plaintiff  Ruben Figueroa

            Defendants  Ken clark et al

        2. Court (if Federal Court, give name of District; if State Court, give name of County)
        U.S EASTERN DISTRICT COURT OF CALIFORNIA

        3. Docket Number 00968 DAD-BAM (PC)  4. Assigned Judge _____

        5. Disposition (Was the case dismissed? Appealed?  Is it still pending?)

        Pending

6. Filing Date (approx.) June 19, 2019    7. Disposition Date (approx.) _____

## II. Exhaustion of Administrative Remedies

**NOTICE:**      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prior to filing suit, inmates are <u>required</u> to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. *Jones*, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A.  Is there an inmate appeal or administrative remedy process available at your institution?

Yes___X___  No_____

B.  Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes___X___  No_____

C.  Is the process completed?

Yes___X___        If your answer is yes, briefly explain what happened at each level.

_____

_____

_____

_____

_____

No_____        If your answer is no, explain why not.

_____

_____

_____

_____

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below.  If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A.  Name  unKnown nAme  PIA-DAIRY CompAny  is employed as  IS THE mAin Company, CoRpoRATion, LLC oR oTheR

Current Address/Place of Employment  CoRCoRAn stAte pRison fAciLity 'C' DAIRy plAnt.

RUBEN FIGUEROA # T5577/
B2·120 : CENTINELA STATE PRISON
POST OFFICE BOX 911
IMPERIAL, CALIFORNIA. 92251
PRO SE LITIGENT

## UNITED  STATES  DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

RUBEN FIGUEROA
PLAINTIFF,
VS

KEN CLARK (WARDEN) et al..

PAUL SILVA, JOE (UNKNOWN LAST NAME)
PEDRO (LAST NAME UNKNOWN), JOHN DOE,
DR. JOHN DOE, SUSAN DOHERTY, LINDA ORTEGA,
AND ADRIAN JAQUES & PIA DAIRY Company
DEFENDANTS

CASE NO: _____

" PLAINTIFF'S ATTACHMENT TO
CIVIL RIGHTS COMPLAINT 42
U.S.C. §§1983 BY PRISONER
COMPLAINT WITH DEMAND FOR
TRIAL BY JURY "

## " INTRODUCTION "

This CIVIL RIGHTS CAUSE of ACTION FILED HEREIN BY INMATE,
RUBEN FIGUEROA, C.D.C.R. NUMBER: T-5577, A STATE PRISONER IN
CARCERATED WITHIN THE CALIFORNIA DEPARTMENT of CORRECTIONS
AND REHABILITATION (C.D.C.R.) FOR DAMAGES PURSUANT TO 42 U.S.
§1983 ALLEGING HAZARDOUS AND UNSAFE WORKING PRISON CONDITIONS
AND DENIAL OF ADEQUATE MEDICAL CARE IN VIOLATION OF THE
EIGHTH (8TH) AMENDMENT AND THE FOURTEENTH (14TH) AMENDMENT OF
THE UNITED STATES CONSTITUTION. THE PLAINTIFF ALSO ALLEGES DEFENDANTS
PRIOR KNOWLEDGE OF UNSAFE WORK CONDITIONS AND NEGLIGENCE WITHIN
CALIFORNIA STATE PRISON - CORCORAN'S FACILITY '3C', PRISON INDUSTRY
AUTHORITY (P.I.A.) - DAIRY (MILK) PLANT.

## " JURISDICTION "

1.

1. THIS COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF VIOLATIONS OF CONSTITUTIONAL RIGHTS, UNDER 42 U.S.C. §§ 1331(1) AND 1343;

## "PARTIES"

2. THE PLAINTIFF, RUBEN FIGUEROA, CDCR NO. T-55771 WAS AT ALL TIMES MENTIONED IN THIS CAUSE OF ACTION INCARCERATED AT CALIFORNIA STATE PRISON (C.S.P.)-CORCORAN FACILITY "3C" WORKING AT PRISON INDUSTRY AUTHORITY (PIA)-DAIRY (MILK) PROCESSING PLANT, DURING THE EVENTS DESCRIBED IN THIS CIVIL COMPLAINT;

3. THE DEFENDANT, KEN CLARK, IS EMPLOYED AS THE HIRING AUTHORITY AND WARDEN AT CALIFORNIA STATE PRISON (HEREAFTER C.S.P.)-CORCORAN AND IS IN CHARGE OF THE HEALTH, SAFETY AND SECURITY OF STATE PRISONERS. WARDEN CLARK IS HEREBY SUED IN HIS INDIVIDUAL CAPACITIES;

4. THE DEFENDANT, PAUL SILVA, IS THE HEAD SUPERVISOR FOR C.S.P.-CORCORAN'S PRISON INDUSTRY AUTHORITY (PIA)-DAIRY (MILK) PROCESSING PLANT AND IS IN CHARGE OF COMPLETELY OVERSEEING PIA-DAIRY PROCESSING PLANT, AS WELL AS THE HIRING OF PIA-DAIRY PROCESSING PLANT BOSSES AND THE HEALTH, SAFETY AND WELL BEING OF ALL PIA-DAIRY PLANT INMATE WORKERS, HE IS SUED IN HIS INDIVIDUAL CAPACITIES;

5. THE DEFENDANT, JOHN DOE, ACTUAL NAME JOHN, LAST

2.

1  NAME UNKNOWN (PAUL SILVA'S SON-IN-LAW) IS THE MAIN BOSS
2  AT THE PIA-DAIRY (MILK) PROCESSING PLANT AND IS IN CHARGE
3  OF OVERSEEING THE DAILY PRODUCTIVITY OF THE DAIRY PLANT. JOHN
4  DIRECTLY OVERSEES ALL INMATE WORKERS AND IS RESPONSIBLE
5  FOR THE INMATE WORKERS HEALTH, SAFETY AND WELL BEING ON
6  A DAILY BASIS, HE IS SUED IN HIS INDIVIDUAL CAPACITIES:
7
8  6.    THE DEFENDANT, JOHN DOE, ACTUAL NAME PEDRO, LAST
9  NAME UKNOWN (WORKED AT PLANT LONGEST) IS THE ASSISTANT
10  MAIN BOSS AT THE PIA-DAIRY (MILK) PROCESSING PLANT AND
11  IS IN CHARGE OF OVERSEEING THE DAILY PRODUCTIVITY OF THE
12  DAIRY PLANT, PEDRO WAS PREVIOUSLY THE MAIN BOSS FOR
13  YEARS, NOW ONLY ASSISTANT, DIRECTLY OVERSEEING ALL INMATE
14  WORKERS HEALTH, SAFETY AND WELL BEING ON A DAILY BASIS,
15  HE IS HEREBY SUED IN HIS INDIVIDUAL CAPACITIES:
16
17  7.    THE DEFENDANT, JOHN DOE, ACTUAL NAME UNKNOWN
18  WHITE MALE HAD JUST BEGUN FEW MONTHS PRIOR TO ALL
19  FACILITY '3C' PIA-DAIRY WORKERS BEING TERMINATED, HE
20  IS THE ASSISTANT BOSS AT THE PIA-DAIRY (MILK) PROCESSING
21  PLANT AND IS IN CHARGE OF OVERSEEING ALL INMATE WORKERS
22  HEALTH, SAFETY AND WELL BEING ON A DAILY BASIS. HE IS
23  SUED IN HIS INDIVIDUAL CAPACITIES:
24
25  8.    THE DEFENDANT, JOHN DOE, IS THE FACILITY '3C'
26  DOCTOR FOR CSP-CORCORAN AND IS RESPONSIBLE (GENERALLY)
27  FOR ENSURING PROVISIONS OF MEDICAL HEALTH CARE TO ALL
28  PRISONERS ON FACILITY 3C, AS WELL AS REFERRING INMATES

3.

# AMENDED ATTACHMENT

1  AMENDED:

3  11(A)   THE DEFENDANT, THE UNKNOWN ENTITY

4  (Company, Corporation, Limited Liability Company, or

5  OTHERWISE, Also Known AS PRISON INDUSTRY AUTHORITY

6  DAIRY MILK PLANT, IS THE ENTITY WHO OWNS AND ALSO

7  SUPERVISES DEFENDANTS (4-8) OF THE CSP-CORCORAN

8  P.IA.-DAIRY MILK PROCESSING PLANT. THIS ENTITY LOOKS

9  OVER THE DAILY ACTIVITIES OF CSP-CORCORANS P.IA-

10  DAIRY MILK PROCESSING PLANT. THE ENTITY IS SUED

11  IN ITS INDIVIDUAL AND OFFICIAL CAPACITY:

(3A)

1  TO MEDICAL SPECIALIST OUTSIDE THE PRISON WHEN A PRISONER
2  REQUIRES SPECIALIZED TREATMENT OR EVALUATION. HE IS SUED IN HIS
3  INDIVIDUAL CAPACITY:

4
5  9   THE DEFENDANT, SUSAN DOHERTY, IS THE FACILITY '3C' REG-
6  ISTERED NURSE (RN) FOR C.S.P.-CORCORAN AND IS RESPONSIBLE
7  FOR PROVIDING MEDICAL HEALTH CARE TO All STATE PRISONERS ON
8  FACILITY '3C' AND REFERS INMATES TO THE FACILITY DOCTOR FOR FURTH-
9  UR EVALUATIONS AND OUTSIDE REFERRALS TO HEALTH CARE SPECIALIST.
10  SHE IS SUED IN HER INDIVIDUAL CAPACITY:

11
12  10.   DEFENDANT, LINDA ORTEGA, IS THE FACILITY '3C' REGISTERED
13  NURSE (RN) FOR CSP-CORCORAN AND IS RESPONSIBLE FOR PROVIDING
14  MEDICAL HEALTH CARE TO All STATE PRISONERS ON FACILITY '3C'
15  AND REFERS INMATES TO THE FACILITY DOCTOR FOR FURTHER EVAL-
16  UATIONS AND OUTSIDE REFERRALS TO HEALTH CARE SPECIALIST. SHE IS
17  SUED IN HER INDIVIDUAL CAPACITY:

18
19  11.   DEFENDANT, ADRIAN JAQUES, IS THE FACILITY '3C' "LVN" NURSE
20  FOR CSP-CORCORAN AND IS RESPONSIBLE FOR PROVIDING MEDICAL HEALTH
21  CARE TO All STATE PRISONERS AND REFERS INMATES TO DOCTORS AND TO
22  REGISTERED NURSES FOR FURTHUR EVALUATIONS. HE IS SUED IN HIS IN-
23  DIVIDUAL CAPACITY:

24                    " FACTS "
25  12.   FROM JUNE 2017 FORWARD PLAINTIFF, RUBEN FIGUEROA #T55771
26  WAS HOUSED AT CSP-CORCORAN WHERE PRISON INDUSTRY AUTHORITY (P.I.A.)
27  MILK DAIRY PROCESSING PLANT IS LOCATED. PLAINTIFF ACQUIRED A FULLTIME
28  JOB WORKING AT PIA DAIRY MILK PROCESSING PLANT AND  COMPANY (PIADRY)
   OVERSEE, SUPERVISORS AND OWNS THE ENTIRE PROCESSING MILK PLANT.

12.    AFTER WORKING FOR A FEW MONTHS FROM FEBRUARY 2020 THROUGH JULY 21, 2022 THE PLAINTIFF, AND HIS COWORKERS INMATES PETER ZUNIGA #J-65588 AND JESUS CURIEL #BB-8327 AS WELL AS OTHERS GAVE P.I.A. DAIRY SUPERVISORS JOE & PEDRO LEGAL NOTIFICATION THAT THE AIR PUMP MACHINE WHICH IS USED TO SPRAY DISINFECTANT ALL OVER THE ENTIRE WORK AREA, STAINLESS STEAL MACHINERY, WALLS, FLOORS, CEILINGS, MILK TANKS, CONVEYER BELT, ETC., THIS MACHINE WAS BROKEN, HAVING NO GASKET ON LID. THEREFORE, WHEN IN OPERATION, DUE TO BEING POWERED BY AIR, HAZARDOUS CHEMICALS WOULD SPLASH AND SPRAY HAZARDOUS CHEMICALS IN A 25-30 FOOT RADIUS. SUPERVISORS JOE AND PEDRO BOTH INSTRUCTED INMATE WORKERS TO CONTINUE TO UTILIZE BROKEN MACHINE "AS IS," UNTIL IT IS REPLACED, THEREBY ACTING WITH DILIBERATE INDIFFERENCE TO P.I.A. DAIRY WORKERS HEALTH AND SAFETY.

13.    On JULY 22, 2020 WHILE PERFORMING HIS DUTIES AS P.I.A DAIRY DOCK WORKER, PLAINTIFF WAS CLEANING AND DISINFECTING PLASTIC PALLETS, ON WHICH MILK CRATES ARE SET UPON, THE AIR(HOSE) MACHINE WHICH PUMPS CHEMICAL FOAM FROM A WAND WAS NOT WORKING PROPERLY AS PREVIOUSLY EXPLAINED. AIR MACHINE WAS LEAKING/SPRAYING FOR MONTHS AS BASKET TO SEAL THE LID WAS MISSING. YET, SUPERVISORS STILL ORDERED THE PLAINTIFF AND COWORKERS TO UTILIZE BROKEN AIR MACHINE, REGARDLESS OF RISKS.

14.    THE PLAINTIFF WHILE SPRAYING CHEMICAL FOAM (DISIN-

1  FECTANT) UPON EACH PALLET. THE AIR MACHINE LID WAS SPLASH-
2  ING, SPEWING HAZARDOUS CHEMICALS All OVER PLAINTIFF AND AROUND
3  HIM. PLAINTIFF DID NOT REALIZE AT THE TIME, BUT HAZARDOUS
4  CHEMICALS HAD GOTTEN ON HIS CHIN (FACE AREA) AND ARMS. SUB-
5  SEQUENTLY CAUSING CHEMICAL BURNS TO APPEAR ON CHIN AND FOR-
6  EARM, NOT GOING AWAY. THE PLAINTIFF INFORMED SUPERVISOR
7  JOE OF CHEMICAL BURNS WITHIN FOLLOWING DAYS AFTER THE
8  ACCIDENT, UPON REALIZING RASH(ES) WERE CHEMICAL BURNS. THE
9  SUPERVISOR (JOE) INDICATED HE WOULD DOCUMENT INCIDENT
10  FILLING OUT NECESSARY FORM(S).

12  15.   ON AUGUST, 2020 THE PLAINTIFF SUBMITTED
13  A 602 ADMINISTRATIVE APPEAL REGARDING CHEMICAL
14  BURNS WHICH TRANSPIRED WHILE WORKING FOR PRISON
15  INDUSTRY AUTHORITY (PIA) DAIRY PROCESSING PLANT, WHICH
16  WAS EXHUASTED. PLAINTIFF CONTENDS "ONGOING WRONG TORT THEORY."

18  16.   ON SEPTEMBER 02, 2020 WHILE WORKING AT P.I.A.
19  DAIRY PROCESSING PLANT THE PLAINTIFF INFORMED NEW
20  SUPERVISOR, JOHN DOE, OF HIS NEED FOR LONG PROTECTIVE
21  GLOVES AND PROTECTIVE GEAR TO PROTECT FROM FURTHUR
22  CHEMICAL BURNS. NEW GLOVES WERE SELDOM AVAILABLE (FULL
23  ARM STYLE). AS SUCH PLAINTIFF AND COWORKERS USED THEIR
24  GLOVES FOR LONG PERIODS OF TIME. AT TIMES ONLY GLOVES AVAIL-
25  ABLE WHICH COVERED ENTIRE ARM WERE BOTH LEFT HANDED
26  OR BOTH RIGHT HANDED USED GLOVES. THEREBY SUBJECTING
27  THE PLAINTIFF AND COWORKERS TO HEALTH & SAFETY CONCERNS
28  AND CRUEL AND UNUSUAL WORK CONDITIONS.

17. On February 24, 2021 Plaintiff was working at P.E.A. Dairy (Milk) Processing Plant as dock worker. As Plaintiff was dumping trash into a commercial-style metal dumpster. (Approximately 6 ft long by 5½ ft high by 4½ feet wide). Plaintiff's had his left hand on top side of metal bin where hinge is located. Thinking nothing of it. The Plaintiff leaned down to grab the trash. He threw trash into bin, trash hit lid making lid fall. The plastic lid fell smashing, squeezing Plaintiff's left hand index finger either breaking and or spraining finger. As well as smashing other fingers yet, index finger was instantly gushing blood. As Plaintiff's nail pushed outward on top. Within few days nail came off. Nail now grows, but is disfigured and looks horrible.

18. At same time plastic lid smashed fingers and disfiguring index finger and nail. A wooden pallet which was on top of plastic trash cans and leaning against a metal storage (ice box) container fell upon the Plaintiff's left shoulder/arm creating a small purple bruise. Yet, subsequently causing serious arm/shoulder pain. Which to date has not siezed to hurt and cause constant pain. Plaintiff has yet to be taken serious of injuries.

19. On February 10, 19, and 26, 2021 air machine which disinfects pallets was still leaking and spraying foam everywhere therein spraying Plaintiff on both his fore-arms and neck, burning his skin once again. Although,

7.

1  THESE BURNS WERE NOT AS SEVERE/SERIOUS AS THE ONE
2  TO THE PLAINTIFF'S CITIN. BY THIS POINT IN TIME SEVERAL
3  COWORKERS ALONG WITH THE PLAINTIFF HAD REPEATEDLY COM-
4  PLAINED AS TO THE HAZARDOUS DANGEROUS WORK CONDITIONS
5  REGARDING THE STILL LEAKING AIR MACHINE. SINCE EACH TIME IT
6  WAS USED (DAILY) WOULD BLOW OUT HAZARDOUS CHEMICALS
7  USED TO DISINFECT THE PLASTIC PALLETS IN A 20-30 FOOT RAD-
8  IUS. SUBJECTING WORKERS TO CRUEL AND UNUSUAL WORK CONDITIONS.
9
10  **20.** FROM MARCH 01, 2021 THROUGH LAST DAY OF WORK
11  ON JULY 21, 2021. THE PLAINTIFF WAS INSTRUCTED TO CONTINUE
12  TO CLEAN AND DISINFECT THE MILK CRATE PLASTIC PALLETS
13  UTILIZING THE SAME BROKEN AIR MACHINE, WHICH WAS
14  MISSING A RUBBER GASKET AROUND THE SEAL. ALTHOUGH THE
15  PLAINTIFF AND HIS COWORKERS CONTINUED TO INFORM PIA DAIRY
16  SUPERVISORS OF BROKEN AIR MACHINE, SUPERVISORS INSTRUCTED
17  TO CONTINUE WITH THEIR WORK PERFORMANCE, BUT, TO ENSURE
18  SAFETY GOGLES ARE WORN AND PROTECTIVE GEAR. SO AS TO
19  AVOID FURTHUR CHEMICAL BURNS OR MORE SERIOUS ACCIDENTS
20  IN THE WORKPLACE, STATING THAT THE BROKEN AIR MACHINE
21  WOULD SOON BE REPLACED. INSTEAD, PIA-DAIRY REPLACED
22  THE PLAINTIFF AND HIS COWORKERS WITH WORKERS FROM ANOTHER
23  YARD/FACILITY. (SEE GUTTEREZ V. PETERS 111 F.3d 1364, 1369 (7TH
24  Cir. 1997)(PRISON OFFICIALS KNEW ABOUT SERIOUS NEED AND FAILED
25  TO RESPOND REASONABLY TO IT.) ALSO WRIGHT V. SMITH, 21 F.3d 496
26  501 (2d Cir. 1994)(SUPERVISORY LIABILITY MAY BE IMPOSED WHERE
27  AN OFFICIAL DEMONSTRATES GROSS NEGLIGENCE OR DELIBERATE IND-
28  IFFERENCE INDICATING UNCONSTITUTIONAL PRACTICES ARE TAKING PLACE.)

8.

"AMENDED ATTACHMENT"

**21.(a)** THE ENTITY AT ALL TIMES RELEVANT TO THIS CAUSE of ACTION IS THE Company/OWNER (unknown name) Which owns and SUPERVISES And IS Responsible for ENSURING THE HEALTH and Safety and Well-Being of Plaintiff and all its employees. Yet AT no times Were Safety meetings ever held, nor any type of Safety TRAINING When WORKING WITH HAZARD-OUS, DANGEROUS HAZARDOUS CHEMICALS AT THE PTA-DAIRY MILK PROCESSING PLANT. Subjecting Inmate WORKERS to unsafe HAZARDOUS MATERIALS Which are cruel and unsual TREATMENT in Violation of 8TH Amendment of U.S Constitution.

9.

21.  THE ENTIRE TIME PLAINTIFF WORKED PIA-DAIRY MILK PROC-
ESSING PLANT, AT NO TIME DID DEFENDANTS, PAUL SILVA, PAULS
SON-IN-LAW, JOE (LAST NAME UNKNOWN), PEDRO (LAST NAME
UNKNOWN), AND JOHN DOE (SUPERVISORS) AT ANY TIME, EVER
INTERVENED SO AS TO PREVENT WORKERS FROM USING
THE BROKEN AIR FOAM DISINFECTING MACHINE. INSTEAD,
THESE DEFENDANT, SUPERVISORS ENCOURAGED AND ORDERED THE
WORKERS TO CONTINUE TO USE THE BROKEN AIR FOAM DISINF-
ECTING MACHINE WHICH WAS MISSING THE RUBBER SEAL/GASKET,
SPLASHING HAZARDOUS CHEMICAL ALL OVER THE AIR IN THE SURROUND-
ING AREA, 20-30 FOOT RADIUS. THESE SUPERVISORS HAD A SWORN
MORAL AND ETHICAL DUTY TO IMMEDIATELY REMOVE THE BROKEN
LEAKING AIR FOAM MACHINE FROM THE WORK AREA. AS WELL AS TO
INSTRUCT INMATES NOT TO USE THE BROKEN AIR FOAM MACHINE,
INSTEAD, ALL PIA-DAIRY SUPERVISORS CHOSE MONETARY PROFITS, IN LIEU
OF INMATE WORKERS HEALTH AND SAFETY. CHOOSING TO ORDER PIA-
DAIRY INMATE WORKERS TO CONTINUE TO USE BROKEN MACHINE,
AS IS, SO AS TO CONTINUE TO DISINFECT WORK AREAS & PALLETS.
SUPERVISORS CONTINUALLY PROMISED REPLACEMENT WAS ON THE WAY,
YET, NO REPLACEMENT EVER ARRIVED. AS PROFITS SUPERCEEDED
INMATE WORKERS HEALTH AND SAFETY CONCERNS UNTIL THE
VERY LAST DAY PLAINTIFF WAS ASSIGNED AT PIA-DAIRY MILK PLANT.
(SEE MORGAN V. MORGANSON, 465 F.3d 1041, 1090, 1104-5, (9TH
CIR 2006) (8TH AMENDMENT CLAIM WHEN INMATE IS FORCED
TO CONTINUE WORKING IN PRISON PRINT SHOP DESPITE NOTIFYING
OFFICIALS OF DANGEROUSLY DEFECTIVE PRINTING PRESS.)

22.  THE DEFENDANTS WITHIN PARAGRAPH 21, ACTIONS AND

10.

1  INACTIONS AS PIA DAIRY SUPERVISORS DEMONSTRATE CLEAR
2  CONSTITUTIONAL DEPRIVATIONS AGAINST THE PLAINTIFF, RUBEN FIGUEROA,
3  WHO WAS REPEATEDLY SUBJECTED TO CRUEL AND UNUSUAL WORK CONDITIONS.

4
5  23.    DEFENDANTS KEN CLARK, PAUL SILVA, Son-in-law
6  JOE (LAST name unknown), PEDRO (LAST name unknown,
7  John DOE (White male SUPERVISOR) EACH REPEATEDLY FAILED
8  FOR MONTHS AND MONTHS, TO REMOVE THE BROKEN AIR FOAM
9  DISINFECTING machine, HAVING full KnowLEDGE THE MACHINE
10  WAS BROKEN PRIOR TO PLAINTIFF STARTING TO WORK PIA DAIRY, YET,
11  ORDERING AND EVEN ENCOURAGING TO MAKE WORKERS CONTINUE
12  TO USE BROKEN AIR FOAM MACHINE, SUBJECTING INMATE WORKERS
13  TO UNSAFE Cruel and unusual Work CONDITIONS DAILY, Solely TO ensure
14  PLASTIC PALLETS AND WORK AREA WERE DISINFECTED DAILY WITH HAZARD-
15  OUS CHEMICALS, THEREIN DAILY POSING An unnecessary Risk
16  TO INMATE WORKERS HEALTH AND SAFETY And Possible loss of EYE-
17  SIGHT OR DEATH, SUPERVISORS CARED MORE ABOUT PRODUCTION,
18  AND ACTED WITH A CALLOUS DISREGARD TO INMATES HEALTH AND
19  SAFETY, SINCE THIS PIA-DAIRY PLANT SUPPLIED MILK TO THE
20  MAJORITY of STATE INMATES WITHIN CALIFORNIA PRISONS. (SEE
21  TAYLOR V. LIST, 880 F.2d. 1040, 1045 (9TH Cir. 1989). Also See
22  FURMOTO V. LYMAN. 362 F. Supp. 1267, 1275, n8 (N.D. Col 1973).)

23
24  24.    DEFENDANTS, KEN CLARK, PAUL SILVA, Son-in-law
25  JOE (LAST name unknown), PEDRO (LAST name unknown), John
26  DOE (White-male), SUPERVISORS All failed To fill out APPROPRIATE
27  WORK accident forms on EACH of The accident DAYS, VIOLATING
28  DUE PROCESS of LAW, not allowing for workers compensation

11.

# "DENIAL of MEDICAL HEALTH CARE"

25. Following the accident of July 21, 2020 the Plaintiff submitted Medical forms 7362 to be seen for the chemical burns on face (chin) Plaintiff innitially believed the chemical burns were caused for wearing the face mask and or shaving. He soon afterwards realized how the Air-foam machine. Had spread chemicals in a 20-30 foot radius, yet, defendant Susan Doherty did not take the visits seriously, since PEA-DAIRY at no time attempted to assist Plaintiff in recieving adequate medical health care for his chemical burns to his face and arms.

26. On July 27, 2020 defendant Susan Doherty did not know what the rash was caused from. the Plaintiff explained how shaving around it irritated the affected area. the defendants only medical treatment was to advise Plaintiff to not shave in that area for few days, essuing Antibiotic cream since burn was a dark purple with puss on outer skin. no other treatment nor referral given to Plaintiff. (Lancaster v. Monroe County 116 F. 3d at 1425 (clearly established that an official acts with deliberate indifference when he knows that an inmate is in serious need of medical health care but he fails or refuses to obtain medical treatment for the inmate) also see Estelle 429 U.S. at 104; Gutierrez v. Peters 111 F. 3d. 1364, 1369 (7th Cir. 1997) failed to adequately treat Plaintiff.

27. By August 25, 2020 Plaintiff had submitted several medical forms 7362's about chemical burns occurring at

12.

1  WORK, SINCE THE PLAINTIFFS chin. WAS STILL DARK PURPLE AND
2  WAS NOT HEALING WITH ANTIBIOTICS NURSE SUSAN DOHERTY
3  ISSUED.

4
5  28. ON SEPTEMBER 02, 2020 DEFENDANT SUSAN DOHERTY
6  STATED CHEMICAL BURNS APPEARED TO BE HEALING. AT THAT
7  TIME DEFENDANT WAS WELL INFORMED THAT THE CHEMICAL BURNS WERE
8  CAUSED AT PFA-DAIRY. PLAINTIFF REQUESTED TO SEE DOCTOR AND
9  OR DERMATOLOGIST AND SKIN SPECIALIST, YET, THE DEFENDANT STATED
10 THAT WOULD NOT OCCURR, SINCE IT WAS NOT AN EMERGENCY. THUS
11 AT NO TIME DID THE HEALTH CARE DEPARTMENT AND OR DEFENDANT
12 DOHERTY EVER ISSUE ANY further MEDICATION OR TREATMENT, NOR WAS
13 PLAINTIFF EVER REFERRED TO DOCTOR ON THIS MATTER.

14
15 29. IN ADDITION, AFTER THE FEBRUARY 24, 2021 ACCIDENT
16 AND INJURIES ON INDEX-FINGER AND NAIL AND LEFT SHOULDER
17 THE PLAINTIFF SUBMITTED SEVERAL MEDICAL forms 7362 EXPLAIN-
18 ING ACCIDENT AND HOW NAIL CAME OFF AND HOW FINGERS WERE
19 EITHER DISLOCATED OR BROKEN AND If I CAN OBTAIN AN X-RAY
20 TO CHECK AND VERIFY. If IN fact FINGERS WERE BROKEN
21 OR SPRAINED, HENCE, ALTHOUGH, CLEARLY REQUESTING THIS AT NO TIME
22 DID PLAINTIFF EVER RECIEVE X-RAY OF ANY Kind, from Defendant ortega.

23
24 30. BY MARCH 01, 2021 DEFENDANT LINDA ORTEGA SAW
25 PLAINTIFF REGARDING follow up OF ACCIDENT TO clean wounds
26 SO AS TO NOT GET AN Infection, ASKING If PLAINTIFF HAD TETNIS
27 SHOT, YET, ALTHOUGH PLAINTIFF REQUESTED XRAYS AS fingers WERE
28 BROKEN AND NAIL HAD fallen off, NOTHING WAS DONE BY Defendant,

1   LIKE REFERRING TO DOCTOR SO AS TO REQUEST AN X-RAY.

2

3   31. On July 08, 2021 THE PLAINTIFF AGAIN HAD SUBMITTED

4   MEDICAL SLIPS 7362'S INDICATING HOW HIS LEFT INDEX FINGER

5   WAS CROOKED AND HOW LEFT ARM WAS WEAKER THAN RIGHT

6   ARM DUE TO PALLET HITTING LEFT SHOULDER/ARM, AGAIN

7   NOTHING WAS DONE

8

9   32. On JULY 19, 2021 DUE TO ONGOING PAIN LEFT SHOULDER/ARM

10  THE PLAINTIFF WAS SCHEDULED FOR PHYSICAL THERAPY

11  YET, LEFT IN CONSTANT PAIN EVER SINCE ACCIDENT OCCURR-

12  ED, BY THIS TIME FROM FEBRUARY 24, 2021 WHEN ACCIDENT

13  OCCURRED UNTIL THIS MEDICAL VISIT THE PLAINTIFF'S LEFT SHOULDER

14  ARM HAD MINIMAL MOVEMENT AND WAS MUCH, MUCH

15  WEAKER THAN RIGHT ARM.

16

17  33. On FEBRUARY 24 2021 AFTER PLAINTIFF HAD WORK (PIA-

18  DAIRY) ACCIDENT, SUPERVISOR AND CORRECTIONS OFFICER SENT

19  PLAINTIFF TO MEDICAL OFFICE FOR HIS INJURIES, AS PLAINTIFF

20  WAS BLEEDING PROFUSELY AND PLAINTIFF'S LEFT INDEX FINGER

21  NAIL WAS POPPING UP AND DISATTACHED AT THE TOP, DEFENDANT

22  LINDA ORTEGA SOLELY WASHED OFF THE BLEEDING HAND/FINGERS

23  YET, NOTHING MORE WAS DONE, PLAINTIFF ADVISED DEFENDANT LINDA

24  ORTEGA FINGERS ARE EITHER BROKEN OR SPRAINED OR DISLOCATED,

25  PLAINTIFF REQUESTED AN X-RAY, YET THE DEFENDANT FAILED TO REFER

26  TO DOCTOR OR OBTAIN AN X-RAY ACTING WITH DELIBERATE

27  INDIFFERENCE TO PLAINTIFF'S NEED FOR IMMEDIATE MEDICAL HEALTH

28  CARE SERVICES

14.

34. FROM THE TIME EACH ACCIDENT OCCURRED UNTIL HIS LAST DAY WORKING PIA-DAIRY THE PLAINTIFF REPEATEDLY NOTIFIED MEDICAL DEFENDANTS OF HIS MEDICAL CONDITION DUE TO HIS WORK INJURIES (e.g. EXTREME PAIN, LACK OF SHOULDER/ARM MOVEMENT, NOT RECIEVING X-RAYS FOR BROKEN FINGERS OR LEFT SHOULDER/ARM, NOT SEE DERMATOLOGIST OR SPECIALIST FOR CHEMICAL BURNS ON FACE/ARMS) NIETHER DEFENDANT LINDA ORTEGA, NOR SUSAN DOHERTY, NOR SUPERVISOR DOCTOR JOHN DOE EVER RESPONDED REASONABLY TO PLAINTIFF'S NEED FOR MEDICAL CARE, AT THE VERY LEAST TO SEE THE DOCTOR AND BE ADEQUATELY EVALUATED FOLLOWING THE WORK ACCIDENTS. SINCE THE PLAINTIFF ADVISED HIS PIA-DAIRY SUPERVISOR AFTER EACH ACCIDENT (IMMEDIATELY).

35. DEFENDANTS SUSAN DOHERTY, LINDA ORTEGA AND DOCTOR JOHN DOE DEMONSTRATED DILIBERATE INDIFFERENCE TO THE PLAINTIFF'S SERIOUS NEED OF MEDICAL HEALTH CARE IMMEDIATELY FOLLOWING EACH ACCIDENT, MOREOVER, THE PLAINTIFF REPEATEDLY NOTIFIED THE MEDICAL HEALTH CARE DEPARTMENT, TO WIT, DEFENDANTS OF THE INJURIES, THE EXTREME PAIN, THE NEED FOR X-RAYS, AS WELL AS THE NEED TO SEE A DERMATOLOGIST. NIETHER DEFENDANTS AT ANY TIME, TOOK CORRECTIVE ACTIONS.

36. DEFENDANTS SUSAN DOHERTY AND LINDA ORTEGA SUBJECTED THE PLAINTIFF TO CRUEL AND UNUSUAL WORK CONDITIONS AND TREATMENT. THE DILIBERATE, INTENTIONAL DELAY AND DENIAL OF MEDICAL HEALTH CARE, ADEQUATE PAIN MEDICATION WAS UNNECESSARY DUE TO DEFENDANTS (NURSES) DOHERTY AND ORTEGA COULD HAVE AND SHOULD HAVE REFERRED IMMEDIATELY TO THE DOCTOR, FOR

1  X-RAYS on Plaintiff's fingers AND SHOULDER/ARM (Left).
2  INSTEAD THESE DEFENDANTS MALICIOUSLY AND SADISTICALLY
3  Solely STATED TO THE Plaintiff, THEY WOULD CALL him LATER TO
4  SEE THE FACILITY DOCTOR AND MOST LIKELY X-RAYS, Yet,
5  THIS DID NOT OCCURR. Hence, THE DEFENDANTS Common
6  PRACTICE of DILIBERATE INDIFFERENCE to Plaintiff's Serious
7  medical need, INTENTIONAL Delay AND DENIAL of HEALTH
8  CARE SERVICES AND PAIN medications.

9
10  **37.** DEFENDANTS SUSAN DOHERTY, LINDA ORTEGA, ADRIAN JAQUES and DOCTOR John
11  Doe FAILED TO PROVIDE HEALTH CARE Which Meets Constitutional
12  STANDARDS of CARE, X-RAYS, Follow up TREATMENT, INITIAL EMER-
13  GENCY CARE IMMEDIATELY After EACH ACCIDENT, Physical TREATMENT
14  etc. Constitutes GROSS NEGLIGENCE. Since AT no Time was Plaintiff
15  ever Sent for X-RAYS To CHECK BROKEN Fingers. INTENTIONALLY Con-
16  CEALING THE INJURIES. nor AT Any Time DID PLAINTIFF SEE DOCTOR.
17  for INJURIES. (SEE Hill v. MARSHALL 962 F.2d. 1209, 1213-14 (6TH Cir. 1992))

18
19  **38.** PLAINTIFF ASSERTS THAT THE C.D.C.R. HEALTH CARE SYSTEM AND
20  Policy, TITLE 15 SECTION 3354 IS INADEQUATE AND INN-
21  AFFECTIVE. Since, AT no TIME IMMEDIATELY following ACCIDENT, noR
22  IN THE months AFTERWARDS DID DEFENDANTS X-RAY fingers and
23  OR Left SHOULDER/ARM To VERIFY INJURIES Which occuRRed
24  AT PIA-DAIRY While WORKING. THIS UNDOUBTEDLY DEMONSTRATES
25  THE INEFFECTIVENESS AND INADEQUACY of THE PRISON Med-
26  ICAL HEALTH CARE SYSTEM AND Policy, (SEE MOORE V. JACKSON, 123
27  F.3d. 1082, 1086 (8TH Cir. 1997) FROM FEBRUARY 24, 2021 THROUGH FEBR-
28  UARY 17, 2022 PLAINTIFF WAS not ALLEVIATED on Left Shoulder/ARM

UNTIL FEBRUARY OF 2022, AT WHICH TIME HIS SHOULDER/ARM
BEGAN TO GET TREATED AND SOLELY BECAUSE PLAINTIFF TRANS-
FERRED FROM CSP-CORCORAN WHERE PIA-DAIRY ACCIDENT
OCCURRED.

39. ON JULY 28, 2021 PLAINTIFF SUBMITTED 7362 MEDICAL
SLIP FOR HIS ONGOING LEFT SHOULDER/ARM PAIN CAUSED BY
WORK ACCIDENT. ON AUGUST 02, 2021 THE PLAINTIFF WENT TO
HIS MEDICAL APPOINTMENT FOR WORK RELATED INJURIES WITH
DEFENDANT ADRIAN JAQUES WHOM IGNORED PLAINTIFF
SOLELY PRESCRIBING IBUPROPHEN FOR ALLIVIATION OF PAIN
AND TO USE CAPSAICIN CREAM FOR CHEMICAL BURNS ON
CHIN. (SEE LANCASTER V. MONROE COUNTY, 116 F.3d. AT 1425
ALSO SEE ESTELLE, 429 U.S. AT 104: ALSO SEE Gutiérrez V. PETERS
111 F.3d. 1364, 1369 (7TH Cir. 1997)

40. THE PLAINTIFF ASSERTS HE IS DEPENDANT ON THE
STATE FOR ALL THE NECESSITIES OF LIFE, INCLUDING THE RECIEPT
OF MEDICAL HEALTH CARE WHICH MEETS CONSTITUTIONAL STAND-
ARDS OF HEALTH CARE. HERE, THE PLAINTIFF REPEATEDLY INFORMED
THE DEFENDANTS IMMEDIATELY AFTER EACH ACCIDENT/INCIDENT
AND YET DEFENDANTS FAILED TO TAKE APPROPRIATE ACTIONS TO
PROVIDE PLAINTIFF WITH ADEQUATE HEALTH CARE. AS SUCH, EACH DEF-
ENDANT KNEW ABOUT PLAINTIFF'S SERIOUS MEDICAL NEED
AND YET FAILED TO RESPOND REASONABLY BY PROVIDING ADEQ-
UATE MEDICAL CARE AND FOLLOW-UP HEALTH CARE, FAILING TO X-RAY
PLAINTIFF'S SHOULDER AND ARM (LEFT). AS WELL AS HIS LEFT HAND
INDEX FINGERS AND FINGERS NEXT TO IT.

17.

# FAILURE TO PROVIDE SAFE
## WORK CONDITIONS

41.    A SUPERVISOR IS LIABLE FOR THE CONSTITUTIONAL VIOLATIONS of SUBORDINATES IF THE SUPERVISOR PARTICIPATED IN OR DIRECTED THE VIOLATIONS, OR KNEW of THE VIOLATIONS AND FAILED TO ACT TO PREVENT THEM (SEE FURMUTO V. LYMAN, 362 F. SUPP. 1267, 1275 n.8 (N.D. Cal. 1973): ALSO TAYLOR V. LIST, 880 F.2d. 1040, 1045 (9TH Cir 1989) SUPERVISOR CAN BE HELD LIABLE FOR: ① THEIR OWN CULPATE ACTION OR INACTION IN TRAINING, SUPERVISION, OR CONTROL OF SUBORDINATES: ② THEIR ACQUIESCENCE IN THE CONSTITUTIONAL DEPRIVATION OF WHICH THE COMPLAINT IS MADE, OR ③ FOR CONDUCT THAT SHOWED A RECKLESS CALLOUS INDIFFERENCE TO THE RIGHTS OF OTHERS.) AS SUCH, A SUPERVISOR CAN BE HELD LIABLE UNDER §1983 IF HE OR SHE WAS PERSONALLY INVOLVED IN THE CONSTITUTIONAL DEPRIVATION OR A SUFFICIENT CASUAL CONNECTION EXISTS BETWEEN THE SUPERVISORS UNLAWFUL CONDUCT AND THE CONSTITUTIONAL VIOLATIONS.(SEE LOLLI V. COUNTY OF ORANGE, 351 F.3d. 410, 418 (9TH Cir 2003): ALSO IBARRA V. RENO THUNDERBIRD MOBIL HOME VILLAGE, 723 F. 2d. 675, 680-1 (9TH Cir. 1984.)

42.    PIA DAIRY SUPERVISORS ACT WITH DILIBERATE INDIFFERENCE OR RECKLESS DISREGARD FOR SAFETY BY FAILING TO "ACT REASONABLY" IN RESPONSE TO DANGER. (SEE FARMER V. BRENNAN 511 US at 828, 834-47, 114 S.ct. 1970 (1994): ALSO SEE GOKA V. BOBBIT, 862 F. 2d 646, 651 (7TH Cir 1988) (CONSTITUTION IS VIOLATED "WHERE DEFENDANTS KNOW of THE DANGER OR WHERE THE THREAT of VIOLENCE IS SO SUBSTANTIAL OR PERVASIVE THAT THEIR KNOWLEDGE COULD BE INFERRED, AND YET DEFENDANTS FAIL TO EMBRACE A POLICY OR TAKE OTHER REASONABLE STEPS

WHICH MAY HAVE PREVENTED THE HARM. (SEE MORGAN V.
MORGANSON, 465 F. 3d 1041 (9TH. Cir. 2006).)

43. DEFENDANTS PEA-DAIRY SUPERVISORS PAUL SILVA, JOE
(UNKNOWN LAST NAME) PEDRO (UNKNOWN LAST NAME) AND JOHN
DOE HAD PLENTY OF TIME (MONTHS + MONTHS) AND OPPORTUNITY
TO OBTAIN A SEAL GASKET FOR BROKEN AIR FOAM MACHINE
YET FAILED TO TAKE APPROPRIATE MEASURES TO ABATE
THE RISK OF SERIOUS HARM OR DEATH TO INMATES HEALTH AND
SAFETY. (SEE WRIGHT V. SMITH, 21 F. 3d 496, 501 (2d Cir. 1994)
(SUPERVISORY LIABILITY MAY BE IMPOSED WHEN AN OFFICIAL DEMON-
STRATES GROSS NEGLIGENCE OR DELIBERATE INDIFFERENCE TO THE
CONSTITUTIONAL RIGHTS OF INMATES BY FAILING TO ACT ON INFORM-
ATION INDICATING THAT UNCONSTITUTIONAL PRACTICES ARE TAKING
PLACE)

"EXHUASTION OF ADMINISTRATIVE REMEDIES"

44. THE PLAINTIFF HEREIN, RUBEN FIGUEROA, HAS DILIGENTLY
EXHUASTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT
TO ALL CLAIMS AND ALL DEFENDANTS AND HAS FILED AND EX-
HUASTED SEVERAL ADMINISTRATIVE 602 APPEALS REGARD-
ING ALL ACCIDENTS/INCIDENTS/INJURIES.

//
//
//
//
//

19.

## CAUSES OF ACTION

### PLAINTIFF REPEATEDLY SUBJECTED TO CRUEL & UNUSUAL PUNISHMENT VIOLATING 8TH AMENDMENT TO U.S. CONSTITUTION

### "COUNT I"

45.  PLAINTIFF FIGUEROA INCORPORATES PARAGRAPHS 1 THROUGH 44 AS THOUGH THEY WERE STATED FULLY HEREWITHIN.

46.  DEFENDANTS KEN CLARK, PAUL SILVA, JOE (LAST NAME UNKNOWN) PEDRO (LAST NAME UNKNOWN, JOHN DOE (WHITE UNKNOWN SUPER-VISOR) VIOLATED THE PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY CONTINUOUSLY SUBJECTING THE PLAINTIFF TO UNSAFE, UNHEALTHY, DANGEROUS, RISKY WORK CONDITIONS DAILY MAKING PLAINTIFF CONTINUE TO USE A BROKEN AIR FOAM MACHINE MISSING ITS RUBBER PLASTIC GASKET SUPERVISORS KNEW WAS BROKEN FOR MORE THAN 17 MONTHS.

47.  DEFENDANTS KEN CLARK, PAUL SILVA, JOE (LAST NAME UNKNOWN) PEDRO (LAST NAME UNKNOWN), JOHN DOE (WHITE UNKNOWN SUPERVISOR) VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY CREATING UNSAFE, HAZARDOUS, DANGEROUS AND UNHEALTHY WORK CONDITIONS WITHIN THE PRISON INDUSTRY AUTHORITY (PIA) - MILK DAIRY PLANT AT CSP-CORCORAN.

48.  DEFENDANT, DOCTOR JOHN DOE, SUSAN DOHERTY, LINDA ORTEGA, AND ADRIAN JAQUES VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY DEPRIVING PLAINTIFF OF RIGHT OF ADEQUATE MEDICAL HEALTH CARE WHICH MEETS CONSTITUTIONAL STANDARDS OF CARE IMMEDIATELY FOLLOWING EACH ACCIDENT/INCIDENT AS WELL AS FOLLOW-UP TREATMENT.

//

//

20.

# "AMENDED ATTACHMENT"

**48(a)** DEFENDANT(S) ENTITY, UNKNOWN names of OWNERS VIOLATED THE PLAINTIFF'S EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY BEING THE OWNERS OF PIA-DAIRY MILK PROCESSING PLANT at CSP-CORCORANS FACILITY '3C' AND INFRINGED UPON PLAINTIFF'S FUNDAMENTAL RIGHTS. UNDER COLOR OF STATE law (UNKNOWN NAMES, John DOE) BY FAILING TO ADEQUATELY SUPERVISE All PIA DAIRY SUPERVISORS NAMED AS DEFENDANTS HERE-within. THIS DEFENDANT TRAINS, HIRES, OVERSEES, GIVES ORDERS TO, AND/OR DISCIPLINES WORKERS. THIS DEFENDANT ALLOWED THE BROKEN MACHINE, WHICH HURT PLAINTIFF REPEATEDLY, TO CONTINUE TO BE USED, ALTHOUGH All SUPERVISORS AND OWNERS KNEW THE BROKEN MACHINE WAS DANGEROUS TO INMATES HEALTH AND SAFETY.

**48(b)** DEFENDANTS THE ENTITY, UNKNOWN NAME(S) of OWNER(S) VIOLATED THE PLAINTIFF'S EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY NEVER ENSURING EVERY WORKER IS PROPERLY TRAINED TO USE THE HAZARDOUS CHEMICAL MATERIALS, AS WELL AS THE (BROKEN) FOAM AIR MACHINE. IN ADDITION, THESE DEFENDANTS FAILED TO PROVIDE SAFETY WORK MEETINGS AT ANY TIME TO PREV-ENT ACCIDENTS FROM OCCURRING. NO REASON EXISTED FOR THE FEBRUARY 24, 2021 ACCIDENT TO OCCUR, SINCE THE METAL TRASH BIN LOAD SHOULD HAVE BEEN COMPLETELY OPENED, NOT HALFWAY, LEANING ON THE BIG METAL STORAGE BIN, SAME WITH 'PALL-ET', THE PALLET WHICH fell ON SHOULDER SHOULD NEVER HAVE BEEN LEFT ON TRASH CAN, LEANING ALSO AGAINST THE BIG METAL STORAGE BIN.

21.

49. PLAINTIFFS DOCTOR JOHN DOE, SUSAN DOHERTY, LINDA ORTEGA, AND ADRIAN JAQUES VIOLATED PLAINTIFFS EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY FAILING TO PROVIDE X-RAYS IMMEDIATELY OR SOON AFTER ACCIDENT. FURTHUR FAILING TO REFER PLAINTIFF TO A SKIN SPECIALIST, DERMATOLOGIST REGARDING THE CHEMICAL BURNS.

## "COUNT II"
## "PLAINTIFF FIGUEROA WAS DENIED DUE PROCESS AND EQUAL PROTECTION UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION"

50. PLAINTIFF INCORPORATES PARAGRAPHS 1 THROUGH 44 AS THOUGH THEY WERE STATED FULLY HEREIN.

51. DEFENDANTS KEN CLARK, PAUL SILVA, JOE (LAST NAME UNKNOWN) PEDRO (LAST NAME UNKNOWN), JOHN DOE (WHITE, UNKNOWN PIA-DAIRY SUPERVISOR VIOLATED THE PLAINTIFFS 14TH AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECT-ION FOR OVER SEVENTEEN (17) MONTHS WHILE WORKING WITHIN C.S.P.- CORCORANS P.I.A.- DAIRY MILK PROCESSING PLANT. AS DEFENDANTS SUBJECTED PLAINTIFF TO UNSAFE, UNHEALTHY AND DANGEROUS WORK CONDITIONS CONTINUOUSLY.

52. DEFENDANTS DOCTOR JOHN DOE, SUSAN DOHERTY, LINDA ORTEGA AND ADRIAN JAQUES VIOLATED THE PLAINTIFFS 14TH AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROT-

22.

1  ECTION BY DEPRIVING PLAINTIFF OPPORTUNITY TO OBTAIN
2  MEDICAL HEALTHCARE TREATMENT WHICH MEETS CONSTITUTIONAL
3  STANDARDS OF HEALTHCARE. THE FAILURE OF X-RAYS, AND TO BE
4  SEEN BY A SKIN SPECIALIST. DERMATOLOGIST BY DEFENDANTS
5  ILLUSTRATES MALICIOUS AND SADISTIC ACTIONS AND INACTIONS
6  WHICH WERE DELIBERATELY INDIFFERENT TO PLAINTIFFS SERIOUS
7  NEED FOR MEDICAL HEALTH CARE. (SEE FARMER V. BRENNAN 511
8  U.S. 825, 114 S.ct. 1970 (1994).)

9
10  "PRAYER FOR RELIEF"

11
12  53. WHEREFORE, PLAINTIFF FIGUEROA RESPECTFULLY PRAYS
13  THIS HONORABLE EASTERN DISTRICT COURT OF CALIFORNIA
14  DO THE FOLLOWING:
15  A.  DECLARE THE ACTS AND OMISSIONS DESCRIBED
16  HEREIN VIOLATED THE PLAINTIFFS RIGHTS PURSUANT TO
17  THE CONSTITUTION AND THE LAWS OF THE UNITED STATES;

18
19  B.  ORDER DEFENDANTS TO PAY COMPENSATORY, NOMINAL,
20  AND PUNITIVE DAMAGES OF 1.5 MILLION DOLLARS;

21
22  C.  ORDER DEFENDANTS TO PAY REASONABLE ATTORNEY
23  FEES AND COSTS; AND

24
25  D.  GRANT ANY OTHER JUST AND EQUITABLE RELIEF THAT
26  THIS HONORABLE U.S. DISTRICT COURT DEEMS NECESSARY.
27  RESPECTFULLY SUBMITTED,

28  Ruben Figueroa                    July 14, 2022
MR. RUBEN FIGUEROA #T55771                (DATED)
DECLARETT. PLAINTIFF PRO SE LITIGANT

23.

<u>DECLARATION</u>

1   I, RUBEN FIGUEROA AM THE PLAINTIFF HEREIN.
2   C.D.C.R. NO: T-55771 A STATE PRISONER INCARCERATED
3   WITHIN THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND
4   REHABILITATION AT CENTINELA STATE PRISON HERE NOW
5   DECLARING UNDER PENALTY OF PERJURY THAT THE
6   ABOVE STATED IS TRUE AND CORRECT TO THE BEST
7   OF MY KNOWLEDGE AND BELIEF AND IF CALLED TO
8   TESTIFY IN A COURT OF LAW WOULD ATTEST TO THE
9   SAME STATED HEREIN EXECUTED AT CENTINELA STATE
10  PRISON WITHIN THE COUNTY OF IMPERIAL, IN THE STATE
11  OF CALIFORNIA.
12  RESPECTFULLY SUBMITTED,
13
14  _Ruben Figueroa_                    July 14, 2022
15  MR. RUBEN FIGUEROA # T55771            DATED
    DECLARENT, PLAINTIFF PRO SE LITIGENT
16
17
18
19
20
21
22
23
24
25
26
27
28

24.

*Original*

**Ruben Figueroa**, T55771
Centinela State Prison (CEN)
B-2-104
P.O. Box 911
Imperial, CA 92251-0911

# U.S. District Court
## Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:22-cv-01030-TWR-MDD

Figueroa v. Clark et al
Assigned to: Judge Todd W. Robinson
Referred to: Magistrate Judge Mitchell D. Dembin
Cause: 42:1983pr Prisoner Civil Rights

Date Filed: 07/14/2022
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

Early Neutral Evaluation Conference:
Case Management Conference:
Status Hearing:
Status Conference:
Mandatory Settlement Conference:

Settlement Conference:
Settlement Disposition Conference:
Pretrial Conference:
Final Pretrial Conference:
Trial Date:

**Plaintiff**

**Ruben Figueroa**                    represented by **Ruben Figueroa**
T55771
Centinela State Prison (CEN)
B-2-104
P.O. Box 911
Imperial, CA 92251-0911
PRO SE

V.

**Defendant**

**Ken Clark**
*Warden, California State Prison Corcoran*

**Defendant**

**Paul Silva**
*Supervisor, CSP Corcoran's PIA Dairy Processing Plant*

**Defendant**

**John Doe**
*Defendant Silva's Son-in-Law*

**Defendant**

**Pedro**
*Assistant Main Boss, PIA Dairy Processing Plant*

**Defendant**

**John Doe**
*Assistant Boss, PIA Dairy Processing Plant*

**Defendant**

**John Doe**
*Facility 3C Doctor, CSP Corcoran*

**Defendant**

**Susan Doherty**
*Registered Nurse, 3C CSP Corcoran*

FILED at WRONG COURT INSTEAD
EASTERN DISTRICT COURT

**Defendant**

**Linda Ortega**
*Registered Nurse, 3C CSP Corcoran*

**Defendant**

**Adrian Jaques**
*LVN Nurse, 3C CSP Corcoran*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/14/2022 | 2 | MOTION for Leave to Proceed in forma pauperis by Ruben Figueroa. (smy1) (Entered: 07/14/2022) |
| 07/14/2022 | 1 | COMPLAINT with Jury Demand against Ken Clark, Susan Doherty, Adrian Jaques, John Doe(Assistant Boss, PIA Dairy Processing Plant), John Doe(Facility 3C Doctor, CSP Corcoran ), John Doe(Defendant Silva's Son-in-Law), Linda Ortega, Pedro, Paul Silva (Filing fee $402, fee not paid, IFP filed.), filed by Ruben Figueroa. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:22-cv-1030-TWR-MDD. Judge Todd W. Robinson and Magistrate Judge Mitchell D. Dembin are assigned to the case.[*Case in Screening per 28 USC 1915*] (smy1) (Entered: 07/14/2022) |

# CIVIL COVER SHEET (E-FILING FROM CDCR ONLY)

This civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers required by law. This form is authorized by General Order No. 653 dated September 28, 2016, and is approved by the Clerk of the Court. This civil cover sheet is required on all cases filed by plaintiffs housed at institutions participating in the e-filing pilot program described in the General Order.

**I. PLAINTIFF**
*(to be Completed by Plaintiff)*

RUBEN FIGUEROA

☐ Exhibits to follow

**II. DEFENDANT(S)**
*(to be Completed by Plaintiff)*

Ken Clark et al. PAUL SILVA, Joe (last name unknown) Pedro (last name unknown) John Doe, Dr. John Doc, SUSAN Dotterty, Linda Ortega and ADRIAN JAQUES AND Unknown Company PIA-Dairy

**III. INSTITUTION BEING E-FILED FROM**
*(To be Completed by CDCR Staff Member)*

CDCR Institution Abbreviation Code: CEN

**IV. DATE RECEIVED BY CDCR STAFF MEMBER**
*(to be Completed by CDCR Staff Member)*

RECEIVED BY: _____ (Please SIGN Name)    J EANES (Please PRINT Name)

DATE RECEIVED: 07/13/2022

**V. IF CIVIL COMPLAINT CANNOT BE E-FILED**
*(to be Completed by CDCR Staff Member)*

☐ This civil complaint, and other initial filing documents authorized by the General Order No. 653 are authorized to be filed through the U.S. mail and accepted by the Clerk of the Court without need to be electronically filed because the digital sender/scanner was down for more than 48 hours. *See General Order 653 at 3.*

**DATED:**

**(Please SIGN Name)**    **(Please PRINT Name)**

*See attached "Instructions for Filing Civil Rights Complaints Under 42 U.S.C. § 1983"*

# VERIFICATION
(C.C.P. § 446 & 2015.5 28 U.S.C. § 1746)

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

I, RUBEN FIGUEROA _____ DECLARE UNDER PENALTY OF PERJURY THAT I AM THE PLAINTIFF _____ IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 14 DAY OF JULY 2022 AT CENTINELA STATE PRISON, IMPERIAL CALIFORNIA 92251.

_____ (DECLARANT PRISONER)
RUBEN FIGUEROA #T55771

---

# PROOF OF SERVICE BY MAIL
(C.C.P. § 1013 & 2015.5 U.S.C. § 1746)

I, RUBEN FIGUEROA _____ AM A RESIDENT OF CENTINELA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER EIGHTEEN (18) YEARS OF AGE, AND AM AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS 2302 BROWN ROAD, IMPERIAL, CALIFORNIA 92251

ON JULY 14, 2022 I SERVED THE FOREGOING:

"42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT"
(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY/S HEREIN BY PLACING A TRUE COPY THEREOF, ENCLOSED IN A SEALED ENVELOPE/S WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT THE CENTINELA STATE PRISON, IMPERIAL, CALIFORNIA 92251.

① U.S DISTRICT COURT ℅ CLERK
EASTERN DISTRICT OF CALIFORNIA
2500 TULARE STREET, #1501
FRESNO, CALIFORNIA 93721

② DEPARTMENT OF JUSTICE
OFFICE OF ATTORNEY GENERAL
1300 'I' STREET, SUITE 125
SACRAMENTO, CALIFORNIA
94244-2550

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

DATE July 14, 2022

_____
RUBEN FIGUEROA #T55771
PLAINTIFF, PRO'SE LITIGENT

25.