# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FIGUEROA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00916-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 8)<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

  Plaintiff Ruben Figueroa ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On August 25, 2022, the Court issued a screening order directing Plaintiff to file an amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 5.) On September 30, 2022, Plaintiff filed a notice of change of address, which the Court construed as a motion for extension of time to file an amended complaint. (ECF No. 6.) The Court granted Plaintiff a thirty-day extension of time to file a response to the August 25, 2022 screening order. (ECF No. 7.)

  Currently before the Court is Plaintiff's motion for a 45-day extension of time to obtain counsel and file an amended complaint, filed November 4, 2022. (ECF No. 8.) Plaintiff explains that he was paroled on September 30, 2022 and is now residing at a halfway house, where he is in the process of obtaining identification, a Social Security card, applying for general relief and food

1

stamps, and obtaining counsel to represent him in this action. Plaintiff is otherwise homeless, without transportation, and is not permitted to seek employment for a 90-day period. Plaintiff seeks an extension of time to meet and confer with several potential lawyers, and he is also attempting to comply with all requirements of his parole. (*Id.*)

Having considered the request, the Court finds good cause to grant the requested extension of time, due to Plaintiff's recent release onto parole. Fed. R. Civ. P. 6(b). Plaintiff is advised, however, that under the circumstances, the Court does not find that seeking counsel, without more, provides good cause to support an extension of this deadline.

Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time, (ECF No. 8), is GRANTED;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **forty-five (45) days** from the date of service of this order, Plaintiff shall file a first amended complaint, **not to exceed twenty-five (25) pages**, curing the deficiencies identified by the Court's August 25, 2022 screening order (or file a notice of voluntary dismissal); and

4. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: __November 7, 2022__         /s/ *Barbara A. McAuliffe* _
                                    UNITED STATES MAGISTRATE JUDGE